QUESTION:
May a mobile home park owner collect a minimum fee for providing propane gas through a central tank, when such gas is not purchased from a public utility or municipally owned utility?
SUMMARY:
There is no statutory prohibition against a mobile home park imposing and collecting a minimum fee for providing propane gas through a central tank to its tenants, where such gas is not purchased from a public utility or municipally owned utility. Whether such a minimum fee is justified under the attending circumstances is within the jurisdiction of the newly created Mobile Home Tenant-Landlord Commission.
Your correspondence states that this minimum fee was imposed to help defray the costs of modifications to the park's gas system which were ordered by a state agency. As this question does not relate to electricity or gas purchased from a public utility or municipally owned utility, s. 83.764(7), F. S. (1976 Supp.), would not apply.
As I understand that tenants are occupying under written leases, s. 83.760(3), F. S. (1976 Supp.), would be applicable.
This statute requires that written leases contain the amount of rent, any security deposit, installation charges, fees, assessments, and any other financial obligation of the mobile home owner, except that the park may pass on to the mobile home owner any costs, including increased cost of utilities, which are incurred due to actions of any state or local government.
The plain lanaguage of this section appears to authorize a mobile home park to pass on as increased rental fees such costs as those in question here. There are no fixed guidelines upon which to judge the manner in which this financial obligation (brought on due to the action — order — of a state agency) may be passed on to the residents.
The question involved here is compounded by the fact that the park has a rule which prohibits gas usage from bottles (or supply containers) on mobile homes. The park has stated in recent correspondence to one of your assistant state attorneys that this is not an absolute prohibition against individual gas bottles or containers, but that for aesthetic reasons the gas containers cannot be on the mobile home, but must be buried in the ground. Whether such regulation is reasonable depends upon the particular factual situation and is a question more proper for a judicial determination. The Legislature has recognized that the park may regulate the style or quality of equipment placed on or appurtenant to the mobile home, presumably both for aesthetic and safety reasons. See s. 83.764(1), F. S. (1976 Supp.).
Chapter 77-49, Laws of Florida (s. 83.776, F. S.), creates a Mobile Home Tenant-Landlord Commission which, upon petition of 51 percent of the tenants of a park, shall determine whether a rental or service charge increase is unconscionable or unjustified under the facts and circumstances of the particular situation. The commission may examine any rental increase which took place between January 1, 1977, and July 1, 1977, upon petition within 60 days after July 1, 1977.
Therefore, it appears that your inquiry is not such that a definitive answer may be given. Whether the imposition or the amount of the minimum gas service charge is justified in the attending circumstances would depend entirely upon the facts peculiar to the particular case.
Prepared by: Martin S. Friedman Assistant Attorney General